**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Luis VILLALOBOS–REYES,**
**Defendant–Appellant.**

No. 02–41701.
**Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2003.

James Lee Turner, Assistant US Attorney, Kathlyn Giannaula Snyder, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff-Appellee.

Roland E. Dahlin, II, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant-Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Jose Luis Villalobos–Reyes ("Villalobos–Reyes") appeals his guilty plea conviction and sentence for illegal reentry into the United States following deportation. Villalobos–Reyes argues that the sentencing provisions in 8 U.S.C. § 1326(b)(1) & (b)(2) are unconstitutional based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He also argues that a FED. R.CRIM. P. 11 guilty plea colloquy should not be statutorily or constitutionally delegated to a non-Article III magistrate judge. Villalobos–Reyes concedes that his arguments are foreclosed, but he nevertheless seeks to preserve them for Supreme Court review.

Villalobos–Reyes' contention that the enhancement provisions in 8 U.S.C. § 1326(b)(1) & (b)(2) are unconstitutional lacks merit because *Apprendi* did not overrule *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Villalobos–Reyes' contention that a magistrate judge should not be statutorily or constitutionally delegated to conduct a FED. R.CRIM. P. 11 plea colloquy is foreclosed by our decision in *United States v. Dees,* 125 F.3d 261, 264–68 (5th Cir.1997).

For the foregoing reasons, Villalobos–Reyes' sentence is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.